# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| JUAN ALBERTO PAZ, | |
| Plaintiff, | Civil No. 12-2114 (RBK/JS) |
| v. | **OPINION** |
| DONNA ZICKEFOOSE and DR. A. LOPEZ, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter is before the Court on its own motion as a result of the issues raised in the April 5, 2013 letter submitted on behalf of Donna Zickefoose and Dr. Abigail Lopez De Lasalle ("Defendants"), arguing that this case is moot. Defendants submitted materials along with the letter indicating that Juan Alberto Paz ("Plaintiff"), a federal inmate previously housed at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), was transferred to another correctional institution located in Georgia. For the reasons expressed below, the Court will dismiss the complaint without prejudice.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time this lawsuit was filed, Plaintiff was a federal inmate who was incarcerated at FCI Fort Dix. Compl. pp. 4-6 (Docket No. 1). Plaintiff evidently suffers from a history of persistent pain in his abdominal area, which he attributes to an untreated hernia that has not been surgically repaired. Id. at Ex. 3. He saw several outside doctors for this issue while incarcerated

at FCI Fort Dix, but claims that Dr. Lopez De Lasalle, the Clinical Director of Health Services at FCI Fort Dix, refused to authorize needed surgery. Plaintiff alleges that doctors at St. Francis Hospital recommended surgery, but that the reason Dr. Lopez De Lasalle prevented him from having the surgery was "to save money at all cost." Id. at 4-5.

The medical records filed in this matter seem to indicate that a physician at St. Francis recommended surgery on March 18, 2011, when he was discharged with a diagnosis of bilateral inguinal hernias. This report indicates in part that "you should schedule elective surgery at your earliest convenience." Def. Mot. Summ. J. Ex. 1, pertinent 2011 Medical Records, at 114 (Docket No. 17).[1] Evidently, further treatment indicated that Plaintiff had a hernia on the right side which other doctors determined was reducible without surgery, and there was no clear indication of a hernia on the left side. See Def. Mot. Summ. J. at 4. Additionally, diagnostic testing seems to have indicated that surgery might not be necessary. For example, a March 17, 2011 CT scan showed "normal" results, and a repeat procedure on September 24, 2012 showed "no significant changes" from the previous CT scan. See Pl. Exhibits (Docket No. 8). Plaintiff was allowed to continue treating for this condition, and ultrasound studies of the groin and abdomen areas on May 10, 2011 and July 31, 2012 were read as "normal" studies. Pl. Exhibits (Docket No. 8); Def. Mot. Summ. J. Ex. 1, pertinent 2011 Medical Records, at 110. It appears that it was on the basis of consultations and diagnostic testing subsequent to the March 18, 2011 surgical recommendation that Lopez or her subordinates determined that Plaintiff would not have hernia surgery. See Declaration of Nicolette Turner-Foster, M.D. (Docket No. 17). Plaintiff's

---

[1] The Court notes that there is apparently some error in this document, as it refers to the patient as a "baby" and "your child". See Def. Mot. Summ. J., Ex. 1, pertinent 2011 Medical Records at 114 ("Not having a repair puts the baby at risk . . .")

2

treating physician indicated that it was her opinion that Plaintiff's pain was due to constipation and failure to drink the appropriate amount of water daily.  Id.

Plaintiff brought this lawsuit under the authority of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 401 U.S. 388 (1971),[2] alleging that Defendants violated Plaintiff's constitutional rights under the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments.  Compl. p.6.  Although Zickefoose was evidently not involved in the treatment decisions involving Plaintiff, he included her as a Defendant on the basis of her position as the Warden of FCI Fort Dix, who had the ultimate authority over all departments.  Id. at p.4.  In his suit, Plaintiff alleged that he had not been provided with adequate medical care and requested injunctive relief, seeking an "order upon FCI [Fort Dix's] Medical Deparment [sic.] to schedule, (without delay) the needed surgery required to relieve the pain."  Id. at p.7.

On or about April 1, 2013, the Federal Bureau of Prisons transferred Paz to Correctional Institution McRae ("CI McRae") in McRae, Georgia.  Def. New Address Letter (Docket No. 22).  On April 5, 2013, Defendants filed a letter suggesting that Plaintiff's transfer to CI McRae rendered the case moot.  See Def. Mootness Letter (Docket No. 24).  Plaintiff then filed a motion for change of venue on April 19, 2013.  Pl. Mot. to Change Venue (Docket No. 27).

## II. LEGAL STANDARD

Article III of the United States Constitution constrains the jurisdiction of federal courts to "cases and controversies."  U.S. Const. art III § 2; see also Flast v. Cohen, 392 U.S. 83, 94 (1968).  Therefore, the issue of mootness is jurisdictional and relates to the very power of the

---

[2] On the form on which Plaintiff filed his complaint, he checked the box indicating that he asserted jurisdiction pursuant to 42 U.S.C. § 1983.  Compl. p.2.  However, as it states on the form, § 1983 applies to state prisoners, and indeed federal prisoners have no remedy under § 1983.  See Correctional Servs. Corp. v. Malesko, 534 U.S 61, 81-82 (2001).  However, the Court construes the complaint filed by the pro se plaintiff to be one asserting a remedy under the authority of Bivens.

3

Court to hear a case. Sutton v. Rasheed, 323 F.3d 236, 245, 248 (3d Cir. 2003). A court may dismiss a case sua sponte on grounds of mootness. New Jersey Tpk. Auth. v. Jersey Cent. Power & Light, 772 F.2d 25, 30 (3d Cir. 1985). To avoid mootness, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 31 (citations omitted).

**III. DISCUSSION**

Defendants believe that because Plaintiff has been transferred to another facility, there is no longer an actual case or controversy present within this suit. Plaintiff did not respond to the filing of Defendants' letter on the issue of mootness, although the letter purports to copy Plaintiff at his present location in Georgia.[3]

The Third Circuit has held that a prisoner's transfer to another prison moots his claim for injunctive relief. Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (holding that the plaintiff's release from prison rendered the case moot because "the district court could not provide Abdul-Akbar with meaningful relief by entering an injunctive order respecting the [prison] in which Abdul-Akbar no longer was incarcerated"); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) (holding that the plaintiff's prison transfer meant that he "lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge"); see also Carey v. Johnson, Civ. No. 05-1695, 2006 WL 3694476, at *6 (W.D. Pa. 2006) ("The transfer of Plaintiff to SCI-Greensburg moots any claims for injunctive and declaratory relief against Defendants who no longer have any responsibility over the care and control of Plaintiff at SCI-Greensburg.").

---

[3] The Court observes that Plaintiff filed his motion to change the venue approximately two weeks after Defendants filed their letter arguing that the case is moot. See Docket No. 27. Because Plaintiff refers to the possibility that "some portion of the case" could be dismissed, but does not directly refer to the mootness issue, it is unclear to the Court whether the venue motion was intended by Plaintiff to respond to Defendants' letter regarding mootness. Id.

4

The Court finds that this case must be deemed moot because of the Court's lack of jurisdiction due to Plaintiff's transfer from FCI Fort Dix to CI McRae. Plaintiff sought only injunctive relief in his complaint, and there is presently no party to the suit who a federal court may order to grant Plaintiff the relief he seeks. See Abdul-Akbar, 4 F.3d at 206. Furthermore, Paz's transfer to CI McRae means that he is no longer subject to the condition of confinement he sought to challenge while at FCI Fort Dix. See Weaver, 650 F.2d at 27; Carey, 2006 WL 3694476, at *6. Although Plaintiff did not submit a filing on this issue, the Court, recognizing that he is proceeding without counsel, has searched for authority that might be in his favor. For example, claims are not mooted when the challenged action is too short in duration to be fully litigated or when a reasonable likelihood exists that the same party will be subjected to the same action again. Sutton, 323 F.3d at 248. However, there is no indication that either of these situations exists in this case. Therefore, the court must follow the general rule that the transfer of an inmate "moots the equitable and declaratory claims." Id. This Court has no power to decide claims that have been rendered moot. Id.

## IV. CONCLUSION

Because Plaintiff's transfer to another prison has stripped this Court of jurisdiction to decide the case, the complaint will be dismissed without prejudice.[4] The dismissal of the case renders moot both Defendants' motion for summary judgment (Docket No. 17) and Plaintiffs' motion to change venue (Docket No. 27). Therefore, these motions will be dismissed as moot. An appropriate Order shall follow.

---

[4] This Opinion should not be construed to mean that Plaintiff may not seek leave to amend his complaint to name Defendants against whom a court could order meaningful relief, or to mean that he may not file a new action in the district in which he is currently housed if he deems it necessary.

Dated: 11/8/2013                                          /s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge